UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FIRST FINANCIAL BANK, N.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:11-cv-0226-WTL-DML |
| | ) |
| CITIBANK, N.A., and MISTY Y. McDONALD, | ) |
| | ) |
| Defendants. | ) |

## Order Granting Plaintiff's Motion to Compel

This matter is before the court on the motion (Dkt. 65) by plaintiff First Financial Bank, N.A. ("FFB") to compel defendant Misty Y. McDonald to produce documents that she has withheld as protected from disclosure by the attorney-client privilege. Ms. McDonald notified the court that she will not file an objection to the motion.

This case concerns a "bad" check in the amount of $298,750. The check was purportedly drawn on an account at defendant Citibank, made payable to defendant Misty McDonald, and deposited by Ms. McDonald in her account at plaintiff FFB. The representative funds (minus a 10% fee to Ms. McDonald) were paid—at Ms. McDonald's request—by FFB via wire transfer to the Bank of China in Beijing, China before FFB received notice of the check's nonpayment. Ms. McDonald is an attorney. She was allegedly contacted by a would-be client (a man claiming to be George Burger acting on behalf of Alliance Machining Technologies) to help it collect a debt and agreed to accept the engagement. She received the $298,750 check from her client's purported debtor to satisfy the debt. Under an agreement with her "client," she deposited the check in her trust account, kept 10% as the agreed fee for professional legal services, and then requested her bank (FFB) to wire transfer the remainder to her client's representative in care of

an account at the Bank of China. FFB wired the funds but the check from the purported debtor was not written on an actual bank account and was part of a scam transaction.

As against Ms. McDonald, FFB's suit alleges she breached warranties provided under the Uniform Commercial Code as adopted in Indiana and that she committed check deception entitling FFB to relief under Indiana's Offenses Against Property Act.

### Attorney Client Privilege

In federal court, where state law provides the substantive rule of decision—as it does here for FFB's claims against Ms. McDonald—privileges are determined in accordance with the applicable state law. Fed. R. Evid. 501. Indiana's attorney client privilege is an evidentiary privilege codified at Ind. Code § 34-46-3-1:

> Except as otherwise provided by statute, the following persons shall not be required to testify regarding the following communications: (1) Attorneys, as to confidential communications made to them in the course of their professional business, and as to advice given in such cases.

The privilege is narrowly construed, and the party who withholds a communication as privileged has the burden to prove its applicability, on a communication-by-communication or document-by-document basis. *Howard v. Dravet,* 813 N.E.2d 1217, 1222 (Ind. Ct. App. 2004). The privilege may be waived by the client, or by conduct attributable to the client. *Mayberry v. State,* 670 N.E.2d 1262, 1267 n.5 (Ind. 1996).

FFB contends that the attorney-client privilege does not attach to any communications between Ms. McDonald and her would-be client (Alliance Manufacturing Technologies or its purported representative, George Burger) because Ms. McDonald cannot show that an attorney-client relationship existed between her and Alliance or Mr. Burger. It further argues that even if there was an attorney-client relationship, Ms. McDonald waived any privilege because she shared with FFB, immediately following the check's return, the nature of her communications

with Mr. Burger and Alliance and showed FFB some of the written communications in explaining her belief that she was a victim of fraud.

FFB has demonstrated the unlikelihood that an attorney-client relationship existed between Ms. McDonald and her purported client. Indeed, according to information Ms. McDonald has provided to FFB, the "client" was fictitious and the purpose of its communications with her was not to obtain legal representation and advice but to enlist her as an unwitting participant in a fraudulent scheme. Under these circumstances, the elements of the privilege are not established in the first instance, or even if they could be, the crime-fraud exception to the privilege prevents the use of the privilege to shield communications from disclosure. *Lahr v. State,* 731 N.E.2d 479, 483-84 (Ind. Ct. App. 2000). *See also* Ind. Prof. Conduct R. 1.6(b)(3) (attorney may reveal information relating to representation of client the attorney reasonably believes necessary to "prevent, mitigate or rectify substantial injury to the financial interests or property of another that . . . has resulted from the client's commission of a crime or fraud in furtherance of which the client has used the lawyer's services").[1]

## Conclusion

FFB's motion (Dkt. 65) to compel Misty McDonald to produce the documents she withheld as attorney-client communications between her and Mr. Burger or Alliance Machining Technologies is GRANTED. She must produce these documents no later than January 23, 2012.

So ORDERED.

Date: 01/17/2012

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

---

[1] The court does not resolve FFB's waiver argument, but notes that even if there could be an attorney-client relationship between Ms. McDonald and the fictitious client, only the client can waive the privilege. *Brown v. Katz,* 868 N.E.2d 1159, 1166 (Ind. Ct. App. 2007).

3

Distribution:

All ECF-registered counsel of record